```
          IN THE UNITED STATES DISTRICT COURT
       FOR THE EASTERN DISTRICT OF PENNSYLVANIA

S.B.                              :     CIVIL ACTION
a Minor, by and through his       :
Parents and Guardians,            :
M.B. and K.B.                     :
                                  :
          v.                      :
                                  :
HAVERFORD TOWNSHIP                :
SCHOOL DISTRICT                   :     NO. 08-cv-0190-JF
```

MEMORANDUM AND ORDER

Fullam, Sr. J.                                      June 11, 2009

Plaintiff, S.B., is a disabled child of kindergarten age. Through his parents (M.B. and K.B.), he has sued Defendant Haverford Township School District, seeking a declaratory judgment, injunctive relief, and damages under Section 504 of the Rehabilitation Act and the ADA. The School District has moved to dismiss, arguing that S.B. has not exhausted his administrative remedies and that he has failed to state a valid claim. Because I conclude that the IDEA's exhaustion requirement applies in this case, I will grant the motion to dismiss.

In preparation for S.B.'s enrollment in public school, the School District evaluated him and prepared an Individual Educational Program (IEP). The School District determined that S.B. is disabled and requires specialized programs and services to receive the free appropriate education (FAPE) to which he is entitled. The School District offered to place S.B. in a local

public school, but S.B.'s parents rejected that offer and placed him in a private school instead.  Nevertheless, S.B.'s parents requested that the School District provide him with certain related services, including physical therapy, occupational therapy, and social skills instruction.

Under Pennsylvania's dual enrollment provision, if a disabled student attends a private school but is also enrolled in a public school, then the public school district must still offer the student a FAPE.  S.B. is dually enrolled; thus, even though he attends a private school, he is still entitled to receive related services from the School District, and the School District agreed to provide them.

The dispute in this case arose when the parties were unable to agree on a schedule for S.B.'s therapy and instruction.  The School District was only willing to offer the services during the school day, when S.B. attended his private school.  S.B.'s parents desire alternate arrangements, specifically asking that the School District provide its services after normal school-hours or on the weekends.  When the parties could not reach an agreement, S.B.'s parents sued under Section 504 of the Rehabilitation Act and the Americans with Disabilities Act.

The IDEA, Section 504 of the Rehabilitation Act, and the ADA all offer rights and remedies to disabled students.  The IDEA's language affirmatively requires schools to provide a FAPE

to their disabled students.  In contrast, the language of Section 504 and the ADA is negative, prohibiting discrimination against disabled students and interference with their rights to an education (including the right to a FAPE).  In the context of education, the Third Circuit has observed that there are few differences, if any, between the IDEA's affirmative duty and the substantive prohibitions of Section 504 and the ADA.
See James S. v. Sch. Dist. of Philadelphia, 559 F.Supp.2d 600, 620-22 (E.D.Pa. 2008) (DuBois, J).

The IDEA requires that a plaintiff exhaust any available administrative remedies before enforcing its provisions in federal court.  Id. at 615-16.  This exhaustion requirement applies to any claim seeking relief that is available under the IDEA, even if a plaintiff attempts to sue under other statutes.  Id.

S.B. argues that relief is only available under Section 504 and the ADA, but his argument ignores the IDEA's similarities to those statutes.  S.B. seeks particular therapies and counseling, to be provided at his public school, by public school employees.  According to the complaint, the district's refusal to provide an acceptable schedule constitutes a refusal to provide "appropriate related services."  Such a refusal, if substantiated, could certainly support a claim that the school district has failed to offer a FAPE.  The IDEA's affirmative obligation enables it to

remedy precisely such an injustice, and S.B. must therefore pursue relief at the administrative level.  See John T. v. Delaware County Intermediate Unit, No. 98-cv-5781, 2000 WL 558582 at *4-6 (E.D.Pa. May 8, 2000) (Shapiro, J.), aff'd, 318 F.3d 545 (3d Cir. 2003).

S.B. also attempts to avoid the IDEA's administrative exhaustion requirement by framing the parties' dispute as a "purely legal" disagreement, but this exception cannot apply.  At a minimum, this case presents a mixed question of fact and law involving the appropriateness of the School District's offer to provide related services only during normal school hours.

The IDEA imposes an exhaustion requirement to afford school districts an opportunity to correct their own mistakes.  S.B. has not afforded the School District that opportunity, and his claims must therefore be dismissed.

An appropriate order will be entered.


BY THE COURT:


/s/ John P. Fullam

John P. Fullam, Sr. J